## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **ERIN CONNER**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:21-cv-332** |
| **CITY OF NAPLES AIRPORT AUTHORITY**, | **Judge:** |
| Defendant. | **Mag. Judge:** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **ERIN CONNER** ("**CONNER**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1.     This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and Florida Civil Right Act (FCRA) for (1) racial discrimination in violation of Title VII, (2) racial discrimination in violation of the FCRA, (3) retaliation in violation of Title VII, and (4) retaliation in violation of the FCRA.

### PARTIES

1

2.      The Plaintiff, **ERIN CONNER** ("**CONNER**") is an individual and a resident of Florida who at all material times resided, in Collier County, Florida, and who worked for the Defendant in Collier County, Florida.

3.      Defendant, **NAA DEVELOPMENT, LLC** ("**NAA**") is a Florida limited liability company, and has a principal place of business in Lee County, Florida. **NAA** employed **CONNER**.

4.      At all material times, **NAA** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff currently resides in Collier County, and **NAA** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

7.      **CONNER** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on February 3, 2021 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

2

8.      **CONNER** began her employment with **NAA** in August 2019 and was employed as an administrative assistant.

9.      **CONNER** always performed her assigned duties in a professional manner and was extremely well qualified for her position.

10.     **CONNER** is an African-American female and as such is a member of a protected class.

11.     Beginning in March 2020, **CONNER** began to be subjected to discrimination because of her race.

12.     More specifically, in March 2020, **NAA** authorized "spirit days," which were days the staff could dress up according to predetermined themes.

13.     On one occasion the them was "1980s," and so, **CONNER** wore a t-shirt featuring the fictional cartoon character, black panther, a popular 1980s Marvel Comics superhero.

14.     Thereafter, **CONNER** was summoned to a meeting with **NAA**'s human resources manager, who accused **CONNER** of wearing an "offensive political shirt" because her Marvel Comic t-shirt was thought to be the controversial 1970s "black panthers movement."

15.     **CONNER** then objected to the mischaracterization and particularly because her t-shirt had nothing to do with race at all, she objected to racism by the human resources manager, who also claimed **CONNER** wore the comic book t-

shirt to be "subversive," comparing it to wearing a "MAGA" hat that was then-candidate Trump's 2016 rallying-cry.

16.    **CONNER** then sent written complaints to several supervisors and shortly thereafter, **NAA** retaliated against **CONNER** and terminated her employment.

17.    **NAA** took no appropriate remedial action of any kind on any of **CONNER**'s objections.

18.    **CONNER** was terminated on June 15, 2020.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RACIAL DISCRIMINATION

19.    Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20.    **CONNER** is an African-American female and as such, is a member of a protected class.

21.    At all material times, **CONNER** was an employee and **NAA** was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

22.    **CONNER** was, and is, qualified for the positions that she held with **NAA**.

23.    **CONNER** has endured disparate treatment while employed with **NAA**, thereby altering the terms and conditions of her employment.

24.    The acts, failures to act, practices and policies of **NAA** set forth above constitute intentional discrimination on the basis of **CONNER**'s race in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

4

25.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **CONNER** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

26.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CONNER** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

27.      As a direct and proximate result of **NAA**'s actions, **CONNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

28.      **CONNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all racial discrimination against employees;

ii.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, RACIAL DISCRIMINATION

29.     Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

30.     **CONNER** is an African-American female and as such, is a member of a protected class.

31.     At all material times, **CONNER** was an employee and **NAA** was her employer covered by and within the meaning of the FCRA.

32.     **CONNER** was, and is, qualified for the positions that she held with **NAA**.

33.     **CONNER** has endured disparate treatment while employed with **NAA**, thereby altering the terms and conditions of her employment.

34.     The acts, failures to act, practices and policies of **NAA** set forth above constitute intentional discrimination on the basis of **CONNER**'s race in violation of the FCRA.

35.      As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **CONNER** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

36.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CONNER** is entitled to all relief necessary to make her whole as provided for under the FCRA.

6

37.     As a direct and proximate result of **NAA**'s actions, **CONNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

38.     **CONNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all racial discrimination against employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

39.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

40.     **CONNER** is a female a person and, as such, is a member of a protected class.

41.     At all material times, **CONNER** was an employee and **NAA** was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

42.     **CONNER** was qualified for the positions that she held with **NAA**.

43.     **CONNER** complained to **NAA** about the racial discrimination and retaliation, and **NAA** clearly observed her growing discomfort concerning the same.

44.     **CONNER**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of **NAA**.

45.     Said protected activity was the proximate cause of **NAA**'s negative employment actions against **CONNER**.

46.     Instead of preventing said treatment, **NAA** retaliated against **CONNER**.

47.     The acts, failures to act, practices and policies of **NAA** set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

48.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **CONNER** has lost all of the benefits and

8

privileges of her employment and has been substantially and significantly injured in her career path.

49.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CONNER** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

50.     As a direct and proximate result of **NAA**'s actions, **CONNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

51.     **CONNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

9

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.    Punitive damages;

vii.    Reasonable attorney's fees plus costs;

viii.    Compensatory damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

52.    Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

53.    **CONNER** is a female a person and, as such, is a member of a protected class.

54.    At all material times, **CONNER** was an employee and **NAA** was her employer covered by and within the meaning of the FCRA.

55.    **CONNER** was qualified for the positions that she held with **NAA**.

56.     **CONNER** complained to **NAA** about the racial discrimination and retaliation, and **NAA** clearly observed her growing discomfort concerning the same.

57.     **CONNER**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of **NAA**.

58.     Said protected activity was the proximate cause of **NAA**'s negative employment actions against **CONNER**.

59.     Instead of preventing said treatment, **NAA** retaliated against **CONNER**.

60.     The acts, failures to act, practices and policies of **NAA** set forth above constitute retaliation in violation of the FCRA.

61.      As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CONNER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

62.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CONNER** is entitled to all relief necessary to make her whole as provided for under the FCRA.

63.     As a direct and proximate result of **NAA**'s actions, **CONNER** has suffered damages, including but not limited to, a loss of employment opportunities,

loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64.    **CONNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.    Punitive damages;

vii.    Reasonable attorney's fees plus costs;

viii.    Compensatory damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **ERIN CONNER**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: April 23, 2021          **/s/ Benjamin H. Yormak**
                               Benjamin H. Yormak
                               Florida Bar Number 71272
                               Trial Counsel for Plaintiff
                               YORMAK EMPLOYMENT & DISABILITY LAW
                               9990 Coconut Road
                               Bonita Springs, Florida 34135
                               Telephone: (239) 985-9691
                               Fax: (239) 288-2534
                               Email: byormak@yormaklaw.com