UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIN CONNER, an individual

    Plaintiff,

v.                                  Case No: 2:21-cv-332-SPC-NPM

CITY OF NAPLES AIRPORT
AUTHORITY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant City of Naples Airport Authority's ("NAA") Motion to Dismiss (Doc. 18). Plaintiff Erin Conner responded (Doc. 18), and NAA replied (Doc. 27). The Court grants the Motion (Doc. 18) in part.

## **BACKGROUND**[2]

This is an employment discrimination case. Conner, an African American woman, was employed by NAA. She started working at NAA in August 2019. In March 2020, NAA held "spirit days," on which NAA employees

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts alleged in the Amended Complaint (Doc. 12), which the Court accepts as true and views most favorably to Conner. *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018).

dressed according to established themes. (Doc. 12 at 3). Conner celebrated NAA's 1980s-themed spirit day by wearing a t-shirt depicting the Black Panther, a fictional Marvel Comics superhero.

NAA's human resources ("HR") manager later met with Conner and accused her of wearing an "offensive political shirt." (Doc. 12 at 3). This reflected NAA's interpretation of Conner's Black Panther shirt as representing the Black Panther political movement, rather than the fictional character. The HR manager compared the Black Panther shirt to a "Make America Great Again" hat, saying the shirt was "subversive."[3] (Doc. 12 at 4). As best the Court can tell, Conner's controversial shirt did not subject her to any discipline beyond meeting with the HR manager. But similar acts by those outside Conner's protected class did not lead to discipline.

In response to her meeting with HR, Conner sent written complaints to several supervisors. Conner claims NAA "took no appropriate remedial action" based on the complaints. (Doc. 12 at 4). About three months after the HR meeting, NAA terminated Conner's employment, allegedly "in whole or in part because NAA believed that Conner must have been trying to make a racially-based statement because she was an African-American woman wearing a t-shirt of the 'black panther' comic book character, and because she objected to

---

[3] Make America Great Again was then-President Trump's campaign slogan.

race discrimination." (Doc. 12 at 4).  Conner claims that her termination was in retaliation for her written complaints.

Conner sued NAA for (1) racial discrimination in violation of Title VII, (2) racial discrimination in violation of the Florida Civil Rights Act ("FCRA"), (3) retaliation in violation of Title VII, and (4) retaliation in violation of the FCRA.  Now, NAA moves to dismiss the Amended Complaint.

## LEGAL STANDARD

To survive a motion to dismiss, the complaint must have factual matter sufficient to state a claim to relief plausible on its face, if accepted as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must assert more than labels and conclusions, so a formulaic recitation of a cause of action won't do. *Id.*  A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposed party is liable for the alleged misconduct.  *Id.*  The plausibility standard also demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

The parties disagree on the applicable pleading standard.  Relying on *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), Conner argues she doesn't need to plead a prima facie case to survive a motion to dismiss.  NAA counters she must still plead a plausible claim with allegations that are more than speculation and conclusion.

While a plaintiff need not make out a prima facie case to survive dismissal, she must still satisfy basic pleading standards to allege the elements of discrimination and retaliation. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004). This means that there is no heightened requirement of specificity to plead a prima facie case. *E.g., Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015). But the complaint must still contain well-pleaded facts that (if true) suggest as plausible the elements of the claim. *Id.* ("Still, in order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional discrimination." (cleaned up)).[4]

## DISCUSSION

NAA argues Conner fails to state a claim of race discrimination or retaliation under either Title VII or FCRA. The Court addresses discrimination and retaliation separately. Because, however, the law on Title VII claims applies equally to their FCRA counterparts, the Court analyzes both together. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010).

---

[4] *See also Whitaker v. Bd. of Regents of Univ. Sys. of Ga.*, No. 20-13618, 2021 WL 4168151, at *5 (11th Cir. Sept. 14, 2021); *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296-97 (11th Cir. 2021); *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599-600 (5th Cir. 2021); *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 796 (8th Cir. 2021).

### A. Discrimination (Counts 1 and 2)

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff pursuing a claim under Title VII can establish discrimination with direct or circumstantial evidence. *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). To show a prima facie case, a plaintiff must show (1) she belonged to a protected class; (2) she was qualified for the job; (3) she suffered an adverse employment action; and (4) a similarly situated individual outside her protected class was treated more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

NAA argues Conner fails to allege the third and fourth elements: (1) an adverse employment action, and (2) similarly situated individuals outside the protected class were treated more favorably.

As to the third element, NAA argues Conner makes only conclusory allegations that fail to attribute her termination to racial discrimination. "An adverse employment action is not only an element of the prima facie case, but an element of the claim itself." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 800-01 (11th Cir. 2014) (affirming dismissal because plaintiff failed to plead that the alleged discrimination caused an adverse employment action); *see also*

5

*Holland*, 677 F.3d at 1056. Conner does not plausibly allege her termination—or any other adverse employment event—resulted from racial discrimination. The closest she comes is alleging "Conner was terminated on June 15, 2020 in whole or in part because NAA believed that Conner must have been trying to make a racially-based statement because she was an African-American woman wearing a t-shirt of the 'black panther' comic book character, and because she objected to race discrimination." (Doc. 12 at 4). This ties the termination to retaliation, not racial discrimination. Indeed, the Amended Complaint, Conner makes that theory clear: "Conner then sent written complaints to several supervisors and shortly thereafter, *NAA retaliated against Conner and terminated her employment*." (Doc. 12 at 4 (emphasis added)). The Court thus agrees with NAA that Conner failed to allege she suffered an adverse employment event stemming from race discrimination.

Even if Conner claimed her meeting with NAA's HR manager constituted an adverse employment event—which Conner does not seem to argue—that argument would fail. "An adverse employment action is 'a serious and material change in terms, conditions, or privileges of employment.'" *McCone*, 582 F. App'x at 800 (quoting *Holland*, 677 F.3d at 1056). Typically, adverse employment actions involve "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant

change in benefits." *Id.* As alleged, the discussion between Conner and NAA's HR manager does not rise to this level.

NAA next argues Conner failed to allege that NAA treated her less favorably than a similarly situated employee outside her protected class. Given the context, Conner's allegation falls short. She only alleges that "NAA did not take issue with any other 'spirit day' costumes worn by those outside of Conner's protected class, despite several being of the same ilk as hers." (Doc. 12 at 4). These allegations are too vague to draw any conclusions about potential comparators or support Conner's theory of disparate treatment.

Conner classifies her shirt as a comic shirt. But NAA allegedly viewed it as suggestive of a political movement of the same name. It is thus unclear if "the same ilk" means 1980s-themed shirts (consistent with the spirit day theme), comic superhero shirts, or shirts that may represent a political movement or race-related message. The many meanings that can be ascribed to Conner's allegation make it too vague to meet pleading standards. A more detailed allegation is necessary to put NAA on notice of the claim against it. *See Jackson*, 372 F.3d at 1271 ("The liberal standard of notice pleading still requires a plaintiff to provide the defendant with fair notice of the factual grounds on which the complaint rests."); *Nurse v. City of Alpharetta*, 775 F. App'x 603, 606 (11th Cir. 2019) ("Plaintiff has alleged no facts whatsoever suggesting intentional discrimination. He has offered neither a comparator

7

nor any other specific facts that would raise his claim above the purely speculative. We simply cannot tell who was treated differently on account of race or how.").[5]

Mostly, Conner contends she need not satisfy *McDonnell Douglas* at this stage. She's right in a general sense: *McDonnell Douglas* is an evidentiary standard and there are other ways to prove a circumstantial discrimination case. But at bottom, a pleading must have well-pled facts to "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). As to discrimination, this pleading does not move the needle from conceivable to plausible.

## B. Retaliation (Counts 3 and 4)

Title VII prohibits retaliation by an employer because an employee opposed an unlawful employment practice. 42 U.S.C. § 2000e-3(a). To state a Title VII retaliation claim, "plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the

---

[5] *See, e.g., Caraway v. Sec'y of U.S. Dep't of Transp.*, 550 F. App'x 704, 710 (11th Cir. 2013); *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013); *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012); *Bartholomew v. Lowe's Home Ctrs., LLC*, No. 2020 WL 321372, 2020 WL 321372, at *6-7 (M.D. Fla. Jan. 21, 2020); *Ruedas-Rojas v. McAleenan*, No. 19-CV-22522-MARTINEZ-OTAZO-REYES, 2020 WL 6143652, at *7 (S.D. Fla. June 1, 2020) (collecting cases).

adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citation omitted); *see also Matamoros v. Broward Sheriff's Off.*, 2 F.4th 1329, 1336 (11th Cir. 2021).

NAA argues Conner fails to adequately allege the first and third elements of her retaliation claim. Conner counters she described written complaints sent to management and alleged those complaints were the cause of her termination. The Court agrees with Conner.

As to the first element of protected activity, Conner alleges she submitted written complaints to her supervisors objecting to what she considered racial discrimination. Though she does not provide details about those written complaints, her statement that she sent written complaints to her supervisors objecting to race discrimination—as Conner perceived it—by NAA is enough to state a plausible protected activity. Importantly, Connor must only have "a good faith, reasonable belief that [NAA] engaged in unlawful employment practices." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1211 (11th Cir. 2016) (citation omitted). That test is both substantive and objective. *Id.* Conner need not "prove that the discriminatory conduct complained of was actually unlawful." *Id.* Yet it must "be close enough to support an objectively reasonable belief." *Id.* (citation omitted). The facts alleged are close enough for the pleading stage.

9

As to the third element of causation, NAA argues Conner improperly relies on temporal proximity. NAA contends three months elapsed between the HR meeting and Conner's termination—making the connection too distant to show causation. But Conner need only plead a plausible claim to survive dismissal. She allegedly sent written complaints to her supervisors after the HR meeting. The exact timing of those complaints is unclear. But accepting the well-pled allegations and taking them most favorable to Conner, the Court finds these allegations are enough to go forward and put NAA on notice of retaliation relating to the written complaints.

In sum, while the Amended Complaint does not state claims for racial discrimination, it adequately alleges the retaliation claims. So the Motion is granted as to Counts 1 and 2 but denied as to Counts 3 and 4.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18) is **GRANTED and DENIED in part**.

2. Counts 1 and 2 of the Amended Complaint (Doc. 12) are **DISMISSED without prejudice**.

3. Plaintiff may file a second amended complaint **on or before October 19, 2021**. **Failure to file a timely amended**

**complaint will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 5, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record